IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| CARL LOGAN,  §<br>TDCJ No. 1816179, §<br>  §<br>  Petitioner, §<br>  §<br>v.  §<br>  §<br>LORIE DAVIS, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>  §<br>  Respondent. § | Civil Action No. 7:19-cv-00097-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Carl Logan. ECF No. 1. Petitioner challenges a disciplinary proceeding in which he lost an unspecified number of previously earned good-time days and "lost all levels from 2 years 9 months charge free." *Id.* at 5. After consideration of the pleadings and the applicable legal authorities, the undersigned recommends that United States District Judge Reed O'Connor **DISMISS** without prejudice the Petition for Writ of Habeas Corpus.

On April 10, 2020, the undersigned issued a Questionnaire to Petitioner and ordered him to return his answers to the questions by May 10, 2020. ECF No. 11. The Questionnaire cautioned him that "[f]ailure to file answers to the Court's questions may result in a recommendation of dismissal without further notice." *Id.* As of this date, Petitioner has not filed his answers to the Court's Questionnaire.

Federal Rule of Civil Procedure 41(b) allows the district court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows

1

from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal with prejudice for want of prosecution is an extreme sanction that should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

In the case at bar, Petitioner has failed to comply with the Court's order. Absent compliance, this case cannot proceed because the Court must determine whether Petitioner is entitled to the relief he seeks in his Petition. His answers to the Court's Questionnaire are necessary for that determination. *See Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir 1986) (discussing use of *Spears* hearings and *Watson* questionnaires in prisoner suits). Given the status of this case, the imposition of fines and costs is not appropriate. Although Petitioner has failed to comply with the Court's order it is not evident from the record that Petitioner has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the undersigned finds that the interests of justice and those of judicial efficiency would best be served by dismissal of this action without prejudice.

Accordingly, the undersigned **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus be **DISMISSED** without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution, and that Petitioner may reopen this case by filing a motion to reopen and filing verified answers to the Magistrate Judge's Questionnaire to Petitioner, ECF No. 11, within thirty days of the date of Judge O'Connor's order adopting this Findings, Conclusions, and Recommendation.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed June 2, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE